IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| WWF OPERATING COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LAND O'LAKES, INC., | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff WWF OPERATING COMPANY, LLC, formerly known as WWF Operating Company ("WWF" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against defendant LAND O'LAKES, INC. ("LOL" or "Defendant"), alleges as follows:

NATURE OF ACTION

1. This is an action for breach of contract and for a declaratory judgment arising from the breach by Defendant LOL of a License Agreement between the parties that grants to Plaintiff WWF certain exclusive rights in connection with Plaintiff's use of the trademark LAND O'LAKES and related and other trademarks (the "Licensed Trademarks") for certain dairy products.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff WWF's breach of contract claim under 28 U.S.C. § 1332 (diversity jurisdiction). The parties are citizens of different states and the amount in controversy exceeds $75,000. The Court has jurisdiction over Plaintiff WWF's claim for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq.

3. Venue is proper in this Court under 28 U.S. Code § 1391 because Plaintiff WWF maintains its principal place of business in Colorado and Defendant LOL is authorized to do business in Colorado, does business in Colorado, has a registered agent for service of process in Colorado, namely CT Corporation System, 7700 E. Arapahoe Rd., Suite 220, Centennial, Colorado 80112-1268, and is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The Parties

4. Plaintiff WWF is a limited liability company organized under the laws of Delaware. WWF was acquired by the global food products company Danone S.A. in 2017 and operates as part of a Danone business unit focused on essential dairy and plant-based products. WWF's products are distributed in all fifty states. WWF has its principal place of business in this district at 12002 Airport Way, Broomfield, Colorado 80021.

5. Defendant LOL is a cooperative corporation organized under the laws of Minnesota, with its principal place of business at 4001 Lexington Avenue North, Arden Hills, Minnesota 55126. LOL is a member-owned agricultural cooperative focusing on

the dairy industry. Dairy products bearing LOL's trademarks are sold in all fifty states, including in this district.

## The License Agreement

6. Defendant LOL owns the Licensed Trademarks, and has granted a perpetual, exclusive license to WWF for the use of the marks pursuant to a license agreement dated January 14, 2013 (the "WWF License Agreement").

7. In a prior license agreement dated as of July 24, 2002 (the "2002 License Agreement"), LOL granted certain perpetual and exclusive rights to WWF and WWF's former owner, Dean Foods Company ("Dean Foods"). Dean Foods spun off WWF as a separate company in 2013 and, in preparation for the anticipated spin-off, WWF, Dean Foods and LOL terminated the 2002 license agreement and LOL entered into separate license agreements with WWF and Dean Foods, namely the WWF License Agreement at issue in this action and a license agreement dated January 14, 2013 between LOL and Dean Foods (the "Dean Foods License Agreement").

8. The WWF License Agreement grants Plaintiff WWF the exclusive and perpetual right to use the Licensed Trademarks in connection with the manufacture, marketing, promotion, distribution and sale of certain Licensed Products, including "Cream Products" (as defined in the WWF License Agreement), in the fifty states of the United States, Puerto Rico and Canada (the "WWF Exclusive Territory").

9. The exclusivity of WWF's licensed rights with respect to Cream Products is subject only to WWF's coexistence with the Dean Foods License Agreement, which permitted the sale by Dean Foods of a subset of Cream Products, namely, "Cream Products in refrigerated form," in a specific eight-state portion of the WWF Exclusive

Territory that is identified in the WWF License Agreement as the "Dean Foods North Central Area" (the "Dean Foods Territory").

10. Paragraph 2.1 of the WWF License Agreement provides, in relevant part, as follows:

> with respect to Cream Products in refrigerated form, the license to WWF will co-exist with a parallel license to DFC and will therefore be nonexclusive *to the extent of the operation of such other license*

(WWF License Agreement, ¶ 2.2 (emphasis added)). Thus, WWF's rights with respect to Cream Products were co-exclusive with and co-existed with those of a specific party – Dean Foods – as to limited, identified products in a limited, identified territory, and only to the extent that the Dean Foods License Agreement was in operation.

11. Paragraph 2.7 of the WWF License Agreement granted to WWF an exclusive, royalty-free license to the formula owned by LOL for fat-free half & half, and provided that:

> with respect to Cream Products in refrigerated form, the license to WWF will co-exist with a parallel license to DFC and will therefore be nonexclusive *to the extent of the operation of such other license*

(WWF License Agreement, ¶ 2.7 (emphasis added))

12. Dean Foods operated under the terms of the Dean Foods License Agreement to use the Licensed Trademarks to sell certain products within the definition of "Cream Products in refrigerated form" in the Dean Foods Territory from 2013 through at least April 2020.

13. The rights of Dean Foods under the Dean Foods License Agreement could not be assigned or sublicensed by Dean Foods, except that Dean Foods could sublicense its rights to a wholly-owned subsidiary of Dean Foods.

14. On or about July 7, 2020, the Dean Foods License Agreement was terminated, as of May 1, 2020.

15. LOL consented to the termination of the Dean Foods License Agreement.

16. The Dean Foods License Agreement is no longer effective and therefore has no "extent of operation" within the meaning of paragraphs 2.1 and 2.7 of the WWF License Agreement.

17. The WWF License Agreement provides that WWF's licensed rights with respect to Cream Products are "nonexclusive to the extent of the operation of" the Dean Foods License Agreement. In all other respects with the exception of certain rights reserved to LOL that do not relate to the issues raised herein, the WWF License Agreement provides exclusive rights to WWF with respect to Cream Products, as defined therein.

18. By the terms of the WWF License Agreement, the termination of the Dean Foods License Agreement renders WWF's right to use the Licensed Trademarks for Cream Products entirely exclusive throughout the WWF Exclusive Territory, with no non-exclusivity carve out for or "co-existence" with Dean Foods or any other party. Because the Dean Foods License Agreement is no longer in operation, WWF is no longer required to share its exclusive licensed rights in the eight-state Dean Foods Territory.

Breach of the License Agreement by LOL

19. Paragraph 2.6 of the WWF License Agreement provides, in relevant part, as follows:

> Except as provided above, LOL agrees that it **shall not use the Trademarks in connection with the sale of Licensed Products in the Territory**, but nothing herein shall prohibit LOL from using or permitting third parties to use the Trademarks in the Territory **on any**

> ***products other than Licensed Products***, or ***outside of the Territory*** on any product, and LOL expressly reserves the right to do so.

(WWF License Agreement ¶ 2.6 (emphases added)).

20. In disregard and derogation of WWF's exclusive rights under the License Agreement to sell Cream Products in the WWF Exclusive Territory, LOL has proceeded to grant new licenses to other parties to sell Cream Products in the WWF Exclusive Territory.

21. Based on information provided to WWF by LOL and publicly-available information, WWF understands that LOL has entered into license agreements, each effective as of May 1, 2020, with Dean Dairy Fluid, LLC, an affiliate of Dairy Farmers of America, Inc. ("DFA"), and with Prairie Farms Dairy, Inc. ("Prairie Farms"). Upon information and belief, the LOL license agreements with DFA and Prairie Farms purport to grant to DFA and Prairie Farms rights similar to or the same as those that had been granted by LOL to Dean Foods in the Dean Foods License Agreement with respect to Cream Products in certain portions of the WWF Exclusive Territory and have the effect of encroaching upon the exclusivity provisions of the WWF License Agreement.

22. Neither DFA nor Prairie Farms is a wholly-owned subsidiary of Dean Foods.

23. By its actions purporting to grant to DFA and Prairie Farms new licensed rights with respect to Cream Products, LOL has breached the WWF License Agreement and impaired and encroached upon WWF's exclusive rights under that agreement.

24. The actions of LOL in permitting the use of the Licensed Trademarks in connection with the sale of Cream Products in the WWF Exclusive Territory pursuant to

any arrangement other than the now-terminated Dean Foods License Agreement violate the exclusive rights of WWF under the WWF License Agreement.

25. LOL expressly granted WWF the right to use the Licensed Trademarks on an exclusive basis on Cream Products in the WWF Exclusive Territory, subject only to the limited Dean Foods License Agreement. Once the limited Dean Foods License Agreement was terminated, WWF's rights were no longer co-exclusive with the limited overlapping rights of Dean Foods with respect to Cream Products.

26. WWF has fully complied with the terms and all requirements of the WWF License Agreement, including by making substantial royalty payments to LOL over the years from 2013 to the present.

27. The WWF License Agreement remains in full force and effect and has not been terminated by either party.

28. By impairing and encroaching on WWF's exclusive rights under the License Agreement, LOL has breached its obligations to WWF under the License Agreement in a manner that wrongfully causes injury to WWF's business.

29. WWF has protested LOL's actions to no avail. LOL has failed to take the steps necessary to ensure that WWF receives the full value of its exclusive rights under the WWF License Agreement.

30. Paragraph 32 of the WWF License Agreement provides that the agreement shall be governed by Minnesota law. Under Minnesota law, a covenant of good faith and fair dealing is implied in all contracts. The actions of LOL complained of herein not only breach the specific exclusivity provisions in the WWF License Agreement but also violate the implied covenant of good faith and fair dealing, in that the license agreements LOL

has entered into with DFA and Prairie Farms injure or destroy the right of WWF to receive the benefits of the exclusivity provisions of the WWF License Agreement.

Irreparable Harm to Plaintiff

31. Paragraph 28.1 of the WWF License Agreement states as follows:

> In the event either WWF or LOL commits a breach, the parties hereby expressly agree that the other party shall have the right to injunctive relief, including but not limited to a permanent restraining order enjoining any continuing breach and/or an order that the breaching party take such actions as ordered by the court to ensure that the breach does not reoccur.

(WWF License Agreement ¶ 28.1).

32. Unless enjoined by this Court, LOL will engage in its continued breach of contract.

33. The conduct of LOL has caused, and will continue to cause, WWF to suffer irreparable harm for which there is no adequate remedy at law. The conduct of LOL has permitted, induced and will continue to permit and induce DFA and Prairie Farms to use the Licensed Marks in connection with the manufacture and sale of Cream Products in the WWF Exclusive Territory, in violation of the exclusivity provisions of the WWF License Agreement, injecting into the marketplace products bearing the Licensed Trademarks that compete with the WWF Cream Products yet are produced by unrelated competitive entities.

34. Paragraph 28.2 of the WWF License Agreement provides as follows:

> The parties agree that the losing party in any action brought **shall pay the reasonable attorneys' fees and other costs** incurred by the winning party or parties, in the prosecution or defense of such action.

(WWF License Agreement ¶ 28.2 (emphasis added)).

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract

35. Plaintiff WWF hereby repeats and re-alleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

36. By entering into new license agreements with DFA and Prairie Farms with respect to Cream Products following the termination of the Dean Foods License Agreement, LOL has violated and breached the terms of the WWF License Agreement, which agreement grants WWF the exclusive right to use the Licensed Trademarks in connection with the sale of such Cream Products in the WWF Exclusive Territory, subject only to the extent of the operation of the Dean Foods License Agreement.

37. LOL has caused, and is responsible for, the unlawful use of the Licensed Trademarks in connection with the production, distribution, sale, and marketing of Cream Products in the WWF Exclusive Territory, in violation of the exclusivity provisions of the WWF License Agreement, which agreement grants WWF the exclusive right to use the Licensed Trademarks in connection with the sale of such products in the WWF Exclusive Territory.

38. As a result of LOL's breach of the WWF License Agreement, WWF has incurred and continues to suffer damages and further irreparable harm for which there is no adequate remedy at law.

### COUNT II
### Declaratory Judgment

39. Plaintiff WWF hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

40. There is an actual and live controversy between the parties regarding the scope of Plaintiff WWF's exclusive rights under the WWF License Agreement.

41. In view of the termination of the Dean Foods License Agreement, WWF's exclusive rights under the WWF License Agreement with respect to Cream Products are no longer subject to non-exclusivity in the Dean Foods Territory, and the license agreements, effective May 1, 2020, between LOL and each of DFA and Prairie Farms violate WWF's exclusive rights under the WWF License Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WWF prays that the Court:

A. Enter judgment in favor of WWF on each claim asserted in WWF's Complaint;

B. Enter a judgment declaring (1) that LOL has breached the WWF License Agreement; and (2) that WWF's rights under the WWF License Agreement are exclusive in the WWF Exclusive Territory and not subject to co-existence with those of any other party, including but not limited to DFA and/or Prairie Farms;

C. Preliminarily and permanently enjoin LOL, its agents, servants, directors, principals, officers, employees, successors, assigns, and all those acting under its control or the control of its subsidiaries, affiliates or divisions and/or on its behalf and/or in concert therewith, from licensing to any party other than WWF or permitting by any party other than WWF the use of the Licensed Trademarks in connection with Cream Products in the WWF Exclusive Territory;

D. Order the recall from retail stores in the WWF Exclusive Territory of any Cream Products bearing the Licensed Trademarks that were not produced either by WWF or by Dean Foods prior to termination of the Dean Foods License Agreement;

E. Award WWF monetary relief, including compensatory damages against LOL for the wrongful acts alleged herein in an amount to be determined at trial, plus interest, as well as enhanced damages;

F. Award WWF its reasonable attorney's fees; and

G. Grant WWF such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of Federal Rules of Civil Procedure, Plaintiff WWF Operating Company, LLC hereby demands a trial by jury of all issues in this action triable by a jury.

Date: November 5, 2020    Respectfully submitted,

 s/ Peter Sauer
Peter Sauer
psauer@kslaw.com
KING & SPALDING LLP
1515 Wynkoop Street, Suite 800
Denver, Colorado 80202
Telephone: 720-535-2300

Attorneys for Plaintiff
WWF OPERATING COMPANY, LLC

OF COUNSEL
(to be admitted pro hac vice):

Bruce W. Baber
bbaber@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia  30309
Telephone:  404-572-4600
Facsimile:  404-572-5100

Kathleen E. McCarthy
kmccarthy@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-4003
Telephone:  212-556-2100
Facsimile:  212-556-2222